**THE PEOPLE OF THE TERRITORY OF GUAM**

v.

**CHARLES M. UNTEN, JR., Defendant**

Criminal No. 98F-76

Superior Court of Guam

October 22, 1976

ABBATE, *Judge*

DECISION

Defendant moved to dismiss Count II of the Indictment by his motion filed 31 August, 1976. In Count II the

Defendant is charged with Delivery of Controlled Substance in violation of Section 626.10(a)(1) of Guam Public Law 11–149.

On the date of the alleged incident, according to the grand jury transcript, police report and statement of officer Joseph, the Defendant was merely a passenger in the car driven by Joey Garcia, the alleged buyer of a capsule of heroin. Defendant was present when the transaction began at the car and was present when the transaction was later completed at the home of Joey Garcia. However, there was no evidence presented to the grand jury to link the Defendant to the transaction in any capacity other than that of bystander. Defendant was not shown to have uttered any words or gestures, done any acts or otherwise encouraged the "Delivery". Nor can Defendant be considered an aider or abettor, or conspirator or accomplice on the basis of mere presence at the scene under either California case law, *People v. Villa*, 318 P.2d 828, 832, 275 C.A.2d 128 (1957); *Tavine v. Superior Court*, 238 C.A.2d 540, 544, 48 Cal. Rptr. 8 (1968) or Federal case law, *United States v. Steward*, 451 F.2d 1203 (1971).

This is not a situation where Defendant had exclusive dominion and control over a vehicle in which drugs were found. No evidence was presented to indicate Defendant's knowledge of his companion's felonious intent, his participation in the fruits of the "Delivery", or his aid to Garcia to deliver the controlled substance or escape detection thereafter.

The People did not answer or contest this motion to dismiss which is hereby granted.

Submit order.